ANNETTE L. HURST (STATE BAR NO. 148738)
ahurst@orrick.com
NATHAN SHAFFER (STATE BAR NO. 282015)
nshaffer@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105
Telephone:  +1 415 773 5700
Facsimile:   +1 415 773 5759

DAVID FUAD (STATE BAR NO. 265193)
dfuad@orrick.com
JOHNATHAN VAKNIN (STATE BAR NO.  356879)
jvaknin@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
355 S. Grand Ave.
Ste. 2700
Los Angeles, CA 90071
Telephone: +1 213 629 2020
Facsimile: +1 213 612 2499

Attorneys for Defendant
Runway AI, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID VANCE GARDNER, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RUNWAY AI, INC.,<br><br>Defendant. | Case No. 2:26-cv-01941<br><br>**STIPULATION TO TRANSFER ACTION TO UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF NEW YORK**<br><br>Judge:    Hon. Dolly M. Gee |

Plaintiff David Vance Gardner ("Plaintiff") and Defendant Runway AI, Inc. ("Defendant"), by and through their respective counsel, hereby stipulate as follows:

1.     WHEREAS, on February 23, 2026, Plaintiff filed a putative class action complaint (the "Complaint," ECF No. 1), individually and on behalf of others similarly situated against Defendant Runway AI Inc. ("Runway") in the

- 1 -

above-captioned action (the "Action"), alleging (1) violation of the Digital Millennium Copyright Act, 17 U.S.C. § 1201(a)(1); (2) violation of the California Unfair Competition Law, Bus. & Prof. Code §§ 17200, et seq. (the "UCL"); and (3) unjust enrichment.

2. WHEREAS, Plaintiff served the Complaint on Runway on March 5, 2026.

3. WHEREAS, on March 26, 2026, the Court entered the Parties' Stipulation to extend the time for Runway to respond to the Complaint to May 25, 2026. *See* ECF No. 20.

4. WHEREAS, because Runway intended to file a motion to dismiss, or in the alternative, transfer the Complaint to a different venue, counsel for the Parties met and conferred on May 6, 2026, pursuant to L.R. 7-3.

5. WHEREAS, *Ace Cam Inc., v. Runway AI, Inc.*, Civ. No. 26-cv-01362 (S.D.N.Y. Feb. 18, 2026), a case brought against Runway asserting violation of the same DMCA statute based on similar factual allegations, and on behalf of a similarly defined class, was filed in the Southern District of New York before this Action was filed.

6. WHEREAS, the first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *AIDS Healthcare Found. v. Caremark, LLC*, 2022 WL 2903136, at *2 (C.D. Cal. May 27, 2022). In determining whether the rule applies, courts consider three factors: (1) the chronology of the lawsuits; (2) the similarity of the parties; and (3) the similarity of the issues. *Kohn L. Grp., Inc. v. Auto Parts Mfg. Mississippi, Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).

7. WHEREAS, all three factors weigh in favor of applying the first-to-file rule to this Action and transferring this Action to the Southern District of New York.

STIPULATION REGARDING
TRANSFER OF ACTION
2:26-cv-01941

8.     WHEREAS, the parties in this Action and the first-filed *Ace Cam* Action are similar. Runway is the same defendant in each case. The Plaintiff in this Action and the Plaintiff in the first-filed *Ace Cam* Action are both YouTube content creators and the proposed putative classes in both cases overlap.

9.     WHEREAS, this Action and the first-filed *Ace Cam* Action assert the same DMCA anti-circumvention claim against Runway, and both rest on similar factual allegations regarding YouTube (including its Terms of Service and employment of "technological protective measures") and Runway's alleged scraping and downloading of videos from YouTube to train its AI model. Thus, the actions clearly arise "out of the same nucleus of operative facts[.]" *Carrera v. First American Home Buyers Protection Co.*, 2012 WL 13012698, at *5 (C.D. Cal. Jan. 24, 2012).

10.     WHEREAS, transfer under the first-to-file rule is consistent with 28 U.S.C. § 1404(a), which permits transfer of a case "for the convenience of the parties and witnesses [and] in the interest of justice … to any district or division where it might have been brought." Here, Runway is headquartered in New York, *see* Compl. ¶ 9, so there is no dispute as to the Southern District of New York's authority to exercise personal jurisdiction over Runway or that Plaintiff could have brought this Action in that District.

11.     WHEREAS, in the interest of efficiency, and to eliminate the risk of inconsistent rulings on overlapping legal and factual issues, and to advance the first-to-file rule's core objective of conserving judicial resources, the Parties have agreed to transfer this Action to the Southern District of New York so that it can be consolidated with *Ace Cam Inc.*, Civ. No. 26-cv-01362 (S.D.N.Y.) and *Businessing LLC*, Civ. No. 26-cv-01655 (S.D.N.Y.).

12.     WHEREAS, the Parties respectfully request that the Court exercise its authority under the first-to-file rule and 28 U.S.C. § 1404 and transfer this case to the Southern District of New York.

STIPULATION REGARDING
TRANSFER OF ACTION
2:26-cv-01941

13.   WHEREAS, a proposed order is filed concurrently herewith.

STIPULATION REGARDING
TRANSFER OF ACTION
2:26-cv-01941

Respectfully submitted,

Dated: May 19, 2026      ORRICK, HERRINGTON & SUTCLIFFE LLP


By: _____*/s/ Nathan Shaffer*_____
                Nathan Shaffer
                Annette L. Hurst
                David Fuad
                Johnathan Vaknin

*Attorneys for Defendant*
*Runway AI, Inc.*

Dated: May 19, 2026      AHDOOT & WOLFSON, PC


By: _____*/s/ Tina Wolfson*_____
                Tina Wolfson

*Attorneys for Plaintiff*
*and the Proposed Class*

## ATTESTATION PER LOCAL RULE 5-4.3.4

The e-filing attorney hereby attests that all signatories to this Stipulation, on whose behalf this Stipulation is being submitted, concur in the Stipulation's content and have authorized the filing of this Stipulation and Proposed Order.

Dated: May 19, 2026      By: _____*/s/ Nathan Shaffer*_____
                Nathan Shaffer
                ORRICK, HERRINGTON & SUTCLIFFE LLP

- 5 -

STIPULATION REGARDING
TRANSFER OF ACTION
2:26-cv-01941